IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MELVIN THOMPSON                   :
                                  :
v.                                :    CIVIL NO. CCB-13-2202
                                  :    Criminal No. CCB-11-0114
UNITED STATES OF AMERICA          :
                              ...o0o...

# MEMORANDUM

Federal prison inmate Melvin Thompson filed a petition under 28 U.S.C. § 2255 challenging his guilty plea and sentence for conspiracy to distribute heroin, principally arguing ineffective assistance of counsel. The motion will be denied.

Thompson pled guilty on February 22, 2012, pursuant to a plea agreement. When the final presentence report determined that he qualified as a career offender based on two prior felony drug convictions, he apparently became dissatisfied with appointed counsel Timothy Sullivan, Esquire. Following an attorney inquiry hearing before Magistrate Judge Stephanie Gallagher, Mr. Sullivan was allowed to withdraw and substitute counsel, Christopher Purpura, Esquire, was appointed.[1]

Mr. Purpura filed a motion to withdraw the plea on Thompson's behalf, which was denied by memorandum opinion November 27, 2012. At sentencing, the court agreed that Thompson qualified as a career offender, setting his advisory guideline range at 29-VI, 151-188 months, but also calculated an alternative range without the career offender status, which was 25-VI, 110-137 months. Ultimately, the court imposed a variance sentence of 120 months. Thompson did not appeal his sentence or the denial of his motion to withdraw his guilty plea.

---

[1] Thompson assumes, incorrectly, that Mr. Sullivan was relieved from representation because the court found him incompetent. That is entirely incorrect. Substitution was permitted so that Thompson could have an effective working relationship with new counsel.

In arguing that Mr. Sullivan was ineffective, Thompson essentially claims that he did not have notice of the career offender enhancement; that he thought if it applied it would be on the basis of an assault conviction, not the second drug offense; and that Mr. Sullivan should have protected him from the career offender enhancement.  All of Thompson's arguments are without merit as conclusively demonstrated by the plea agreement, the Rule 11 hearing, and the sentencing hearing transcripts.

First, the plea agreement advises Thompson that he might be a career offender, that there was no agreement on that point between him and the government, and that it would be up to the court to make that decision after considering the presentence report.  (Gov't Opp'n Ex. 1, ECF No. 1075-1, at 4.)  Thompson was thoroughly advised of this at the Rule 11 hearing and stated under oath that he understood and that no other promises had been made to him.  (Gov't Opp'n Ex. 2, ECF No. 1075-2, at 7, 17-19, 22, 23.)  He provides nothing to warrant setting aside his signature on the plea agreement and his sworn statements at the Rule 11 proceeding.  *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005).

Second, counsel could not have protected Thompson from the career offender finding, because it was correct under the law, as the court ruled even after new counsel was appointed.

Third, there is no prejudice to Thompson from the application of the career offender guidelines, because in fact the court also calculated the non-career offender guidelines and sentenced in that range based on numerous factors under 18 U.S.C. § 3553(a).[2]

---

[2]  To the extent Thompson claims there was an earlier plea offer for a range of 78-96 months, that may be, but it does not change the fact that he chose to proceed with the final plea agreement after being fully advised of the possible career offender status.

Accordingly, for the reasons stated above, the petition will be dismissed without an evidentiary hearing. A certificate of appealability is not warranted. A separate Order follows.

| | |
|---|---|
| <u>May 22, 2014</u><br>Date | <u>          /s/          </u><br>Catherine C. Blake<br>U.S. District Judge |